UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDWARD BARROWS,

                          Plaintiff,

v.                                                      **DECISION AND ORDER**
                                                                      09-CV-292S

TRI-FINANCIAL,

                          Defendant.

## I. INTRODUCTION

On March 30, 2009, Plaintiff Edward Barrows commenced this action seeking to recover for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by Defendant Tri-Financial. (Docket No. 1.) Defendant failed to plead or otherwise respond to this action. Consequently, the Clerk of the Court entered default on July 8, 2009. (Docket No. 5.)

Presently before this Court is Plaintiff's Motion for Default Judgment, seeking damages and attorneys fees and costs. (Docket No. 6.) For the reasons stated below, Plaintiff's motion is granted, and Plaintiff is entitled to judgment in the amount of $2,755.

## II. BACKGROUND

Sometime during the "early months of 2009," Plaintiff began receiving telephone calls from Defendant, who was attempting to collect a debt from Plaintiff. (Docket No. 1, Compl., ¶ 11; Docket No. 10, Ex. B, Barrows Aff. ¶ 2.) Defendant called Plaintiff on his cell phone, and at his place of employment even though Plaintiff informed Defendant that he was not allowed to accept such calls at work. (Compl., ¶¶ 12-14; Barrows Aff. ¶ 3.)

Plaintiff alleges that Defendant's phone calls were "constant" and "continuous." (Compl., ¶ 11; Barrows Aff. ¶ 2.)

In the phone calls, Defendant represented that it was a law firm. (Compl., ¶ 21; Barrows Aff. ¶ 8.) Defendant accused Plaintiff of committing the crime of "bank fraud," and threatened to have criminal charges filed against Plaintiff in the event Plaintiff failed to pay the alleged debt. (Compl., ¶ 20; Barrows Aff. ¶ 7.) Defendant also informed Plaintiff that his failure to make immediate payment could result in the garnishment of his wages or other legal action being taken. (Compl., ¶¶ 16-17; Barrows Aff. ¶¶ 4-5.) Defendant never garnished Plaintiff's wages, nor did it commence legal action against Plaintiff. (Compl., ¶¶ 17, 19; Barrows Aff. ¶ 6.)

Thereafter, Plaintiff commenced this action.

### III.  DISCUSSION

**A.    Entry of Default Judgment against Defendant**

Before obtaining default judgment, a party must first secure a Clerk's Entry of Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. FED. R. CIV. P. 55(a).  Once default has been entered, the allegations of the Complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

Prior to entering default judgment, the court must determine whether the facts alleged in the Complaint are sufficient to state a claim for relief as to each cause of action

for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of default judgment. FED. R. CIV. P. 55(b)(2).

**B.     FDCPA Violations**

This Court finds that Plaintiff sufficiently alleges numerous violations of the FDCPA. For instance, despite being informed by Plaintiff that his employer prohibits communication regarding debt collection, Defendant repeatedly placed calls to Plaintiff at his workplace. Assuming this allegation is true, as this Court must, Plaintiff states a claim for a violation of 15 U.S.C. § 1692c(a)(3). Moreover, by alleging that Defendant held itself out as a law firm, and told Plaintiff he had committed the crime of bank fraud, Plaintiff alleges violations of 15 U.S.C. §§ 1692e(3) and (10). Lastly, by alleging that Defendant informed Plaintiff that it would garnish his wages or would commence legal action against him in the event he failed to make immediate payment, Plaintiff sufficiently alleges violations of 15 U.S.C. §§ 1692e(4) and (5).

Upon finding Plaintiff has sufficiently stated numerous violations of the FDCPA, this Court must proceed to a determination regarding the amount of Plaintiff's recovery.

**C.     Plaintiff's Recovery**

Title 15 United States Code Section 1962k of the FDCPA provides for three types of recovery: (1) statutory damages; (2) actual damages; and (3) reasonable attorney's fees, costs, and expenses. In this case, Plaintiff seeks statutory damages in the amount of $1,000, and attorney's fees and costs in the amount of $3,955. Plaintiff does not seek actual damages.

### *1.   Statutory Damages*

Under the statute, "[] any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of [] such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. §1692k(a)(2)(A).  The maximum amount of statutory damages under the FDCPA is $1,000 per action or proceeding, not per statutory violation.  Sibersky v. Borah, Goldstein, Altschuler & Schwartz, 242 F.Supp.2d 273, 277 (S.D.N.Y. 2002).

In the event the plaintiff establishes a violation of the FDCPA, the court must then determine the appropriate award within the $1,000 statutory range.  Congress has given the district courts "ample discretion" in assessing damages for violations of the FDCPA.  Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir. 1989).  When determining the appropriate amount of liability in an individual action, courts must consider "the frequency and persistence of such noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. §1692k(b)(1).  A plaintiff "does not have a burden to establish scienter under the FDCPA."  Neild v. Wolpoff & Abramson, L.L.P., 453 F.Supp.2d 918, 924 (E.D.Va. 2006); see also 15 U.S.C. § 1962k(c) (explaining that to avoid liability under the Act, the defendant may show that a violation was not intentional).

In this case, Plaintiff's unopposed motion has established that there were multiple violations of the FDCPA.  Plaintiff has demonstrated that Defendant repeatedly called him on his cell phone and at work in an attempt to collect the alleged debt even after Plaintiff informed Defendant that such calls were not allowed during work.  And so far as this Court

can tell, Defendant's calls were intentional.  See § 1962k(c).

Because Defendant's phone calls were frequent, persistent, and intentional, this Court finds that Plaintiff is entitled to an award of statutory damages in the amount of $1,000, the statutory maximum.

### 2. *Attorneys Fees & Costs*

Once a violation of the FDCPA has been found, an award of attorneys fees and costs is mandatory.  See Pipiles, 886 F.2d at 28 ("[b]ecause the FDCPA was violated, however, the statute *requires* the award of costs and a reasonable attorney's fees") (emphasis added); see also e.g., Miller v. Midpoint Resolution Group, LLC, 608 F. Supp. 2d 389, 394 (W.D.N.Y. 2009) (citing Cole v. Truelogic Financial Corp., No. 07-CV-388, 2009 WL 261428, at * 3 (W.D.N.Y. Feb. 4, 2009)).

Courts are entrusted with the task of determining whether the plaintiff's fee request is reasonable.  Miller, 608 F. Supp. 2d at 394 (citing 15 U.S.C. § 1692k(a)(3)) (the Act provides for an award of "a reasonable attorney's fee as determined by the court").  "That successful plaintiffs are entitled to a fee award under the FDCPA does not mean, however, that they are entitled to the amount requested; they are entitled to what is reasonable under the circumstances."  Miller, 608 F. Supp. 2d at 394 (quoting French v. Corporate Receivables, Inc., 489 F. 3d 402, 404 (1st Cir. 2007)).

In order to determine the reasonableness of attorneys fees, courts typically take a two-step approach.  First, courts apply the lodestar method.  Creative Res. Group of New Jersey, Inc. v. Creative Res. Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002).  Second, courts assess the proportionality of the attorney's fees in relation to the damage awards.

See Hensley v. Eckerhart, 461 U.S. 424, 433-437, 103 S.Ct. 1933, 1939-41, 76 L.Ed.2d 40 (1983); Teng v. Metropolitan Retail Recovery Inc., 851 F.Supp. 61, 70-71 (E.D.N.Y. 1994); Baruch v. Healthcare Receivable Mgmt., Inc., 05-CV-5392, 2007 WL 3232090, at *6 (E.D.N.Y. Oct. 30, 2007).

The lodestar figure is calculated by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for each attorney or paralegal involved." Kapoor v. Rosenthal, 269 F.Supp.2d 408, 412 (S.D.N.Y. 2003) (citation omitted). "The lodestar figure should be in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997) (citation and internal quotations omitted). "It is well-established that the 'prevailing community' the district court should consider to determine the 'lodestar' figure is the 'district in which the court sits.'" Id. (citing Polk v. New York State Dep't of Correctional Servs., 722 F.2d 23, 25 (2d Cir. 1983)).

With respect to the second step, the proportionality of the fee and damage award, "[a] strong presumption exists that the lodestar figure represents a reasonable fee." Kapoor, 269 F.Supp.2d at 412. Courts must consider, *inter alia*, "the degree of success obtained by the prevailing party; if the plaintiff has only partial or limited success, a reduction in the award of attorney's fees may be appropriate." Teng, 851 F.Supp. at 70-71 (internal citations omitted); see also Hensley, 461 U.S. at 436, 103 S.Ct. at 1941 ("The most critical factor is the degree of success obtained").

Here, Plaintiff has documented 14 billable hours spread out amongst four different legal professionals – three attorneys and one paralegal. (Docket No. 10, Ex. C.) The

6

professionals charge different hourly rates for their services, and each professional spent a different amount of time on this case.  In particular, Adam Krohn, Esq., charges $400 per hour and spent 3.2 hours on this case; Adam Hill, Esq., charges $250 per hour and spent 1.9 hours on this case; Nicholas Bontrager, Esq., charges $250 per hour and spent 5.9 hours on this case; and the "clerk/paralegal," whose name is unknown and who bills at $125 per hour, spent 3 hours on this case.  (Docket No. 10, Ex. C.)  This amounts to $3,605.00.  Id.

This Court, however, finds that the hourly rates of $400 and $250 for the attorneys in this case is excessive.  See, e.g., Rich Products Corp. v. Impress Industries, Inc., No. 05-CV-187, 2008 WL 203020, at *3 (W.D.N.Y. Jan. 23, 2008) (finding that an hourly rate of $265 for a sixth-year associate is excessive, and reduced rate to $185 per hour); Mahon v. GC Services Ltd. Partnership, No. 07-CV-44, 2007 WL 187967, at *2 (W.D.N.Y. Jun. 28, 2007) (finding that attorneys fees of $260 per hour for an experienced FDCPA practitioner and $235 per hour for a recently admitted attorney to be excessive, and reduced to $200 and $125 per hour respectively); Johnson v. Bon-Ton Dep't Stores, 05-CV-170, 2006 US Dist LEXIS 20019 at 10-14 (W.D.N.Y. Apri. 17, 2006) (finding that $150 per hour to be reasonable for an attorney with twelve years experience).

Although the affidavits submitted in support of the request for attorneys fees do not discuss the extent of each attorneys' level of FDCPA experience, nor their respective years of legal experience, this Court presumes, on the basis of the fee requests, that Krohn is more experienced in FDCPA matters and has also been practicing law longer than Hill and Bontrager.  As a result, this Court finds that an hourly rate of $200 is reasonable for Krohn, and that an hourly rate of $125 per hour is reasonable for Hill and Bontrager.  Accordingly,

7

Plaintiff is entitled to $1615.00 for the work performed by these three lawyers.

This Court also finds the paralegal's hourly rate of $125 per hour to be excessive. See, e.g., Rich Products Corp., 2008 WL 203020, at *3 (finding that an hourly rate of $104 for a paralegal to be excessive and reduced rate to $80 per hour); Sheehy v. Wehlage, 02-CV-592, 2007 WL 607093 (W.D.N.Y. Feb. 20, 2007) (finding $80 per hour to be reasonable for paralegals); Mahon, 2007 WL 187967, at *2 (finding that $50 is a reasonable rate for paralegals). Accordingly, the paralegal's hourly rate is reduced to $80 per hour and, at three hours work, Plaintiff is entitled to $240.

Thus, this Court finds that the reasonable attorneys fee in this case total $1,855.

With regard to the second step in the analysis, this Court finds that a fee award of $1,855 is proportional in relation to the damage award of $1,000. See Kapoor, 269 F.Supp. at 411 (plaintiff received $1,000 in damages and $6,845.21 in attorney's fees and costs). In arriving at this determination, this Court notes that $1,855 is based on the lodestar method, thus creating a strong presumption that it is a reasonable amount. Moreover, Plaintiff has been successful, demonstrating that he is entitled to the highest level of statutory damages.

Lastly, Plaintiff seeks reimbursement of the $350 filing fee paid to commence this action. (Docket No. 10, Ex. C.) This Court finds that this additional cost is recoverable because it is "incidental and necessary to the litigation." Tips Exports, Inc., v. Music Mahal, Inc., 01-CV-5412, 2007 WL 952036, at *11 (E.D.N.Y. Mar. 27, 2007).

Accordingly, this Court finds that Plaintiff is entitled to $2,205, which represents reasonable attorneys fees and necessary costs.

### IV.  CONCLUSION

For the reasons discussed above, this Court will grant Plaintiff's Application for Default Judgment.  This Court also grants Plaintiff's request for damages and attorneys fees and costs, finding that Plaintiff is entitled to $1,000 in statutory damages and $2,205 in attorney's fees and costs.

### V.  ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for Default Judgment (Docket No. 6) is GRANTED.

FURTHER, that Plaintiff's Motion for Damages and Attorney's Fees and Costs (Docket No. 6) is GRANTED.

FURTHER, that Plaintiff is awarded $1,000 in damages and $2,205 in attorney's fees and costs.

FURTHER, that the Clerk of the Court is directed to enter judgment against Defendant in Plaintiff's favor for a total amount of $3,205.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated:   October 30, 2009
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge